# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: CHAYA CHALON THOMAS, ) | |
| ) | |
| Plaintiff/Appellant, ) | No. CIV-10-1255-D |
| ) | |
| vs. ) | |
| ) | (CASE NO. BK-09-13859-NLJ) |
| RCB BANK OF NICHOLS HILLS, formerly ) | (Adversary No. 09-1153) |
| known as Bank of Nichols Hills, and MARK ) | |
| MITCHELL, ) | |
| ) | |
| Defendants/Appellees. ) | |

## ORDER

Plaintiff/Appellant Chaya Chalon Thomas ("Ms. Thomas"), appearing *pro se*, filed this action to appeal a September 20, 2010 Order of the United States Bankruptcy Court for the Western District of Oklahoma in Case No. BK-09-13859-NLJ. The Order, Bankruptcy Court Document No. 85 ("Bkr. Doc."), dismissed an Adversary Proceeding, No. 09-1153, which had been filed in her Chapter 13 Bankruptcy proceeding. The Chapter 13 Bankruptcy proceeding had been dismissed with prejudice on October 29, 2009 [Bkr. Doc. No. 43], and was also closed by a separate Order filed on September 20, 2010 [Bkr. Doc. No. 84].

In response to Ms. Thomas's appeal, Defendants/Appellees RCB Bank of Nichols Hills and Mark Mitchell ("Appellees") argue the appeal should be dismissed as untimely. Furthermore, Appellees contend the appeal should be dismissed because the September 20, 2010 Order Ms. Thomas is appealing was not a substantive ruling; instead it was a procedural ruling dismissing the Adversary Proceeding because the Bankruptcy Court had closed the main Bankruptcy case in which it was filed. Finally, Appellees argue the issues asserted by Ms. Thomas in this appeal are the same

as those raised in previous appeals of Bankruptcy Court Orders dismissing her Bankruptcy case and the Adversary Proceeding. As Appellees further note, this Court dismissed her previous appeals, and Ms. Thomas then appealed those decisions to the Tenth Circuit Court of Appeals, where they remain pending. Ms. Thomas has not responded to Appellees' argument that this appeal should be dismissed.

Ms. Thomas's appeal in this case must be viewed in light of the history of her appeals of Bankruptcy Court orders entered in her Chapter 13 case. Ms. Thomas previously filed in this Court three appeals of Bankruptcy Court orders. These appeals, Case Nos. CIV-09-1386-D, CIV-10-1020-D and CIV-10-1021-D, were dismissed by Orders of this Court. Ms. Thomas then appealed those decisions to the United States Court of Appeals for the Tenth Circuit, and her appeals remain pending before the Circuit.

In her three previous cases, Ms. Thomas sought this Court's review and reversal of the Bankruptcy Court's October 29, 2009 Order [Bkr. Doc. No. 43]dismissing with prejudice her Chapter 13 Bankruptcy proceeding; in a separate Order entered on October 29, 2009 [Bkr. Doc. No. 44], the Bankruptcy Court also dismissed without prejudice the Adversary Proceeding. In Case Nos. CIV-10-1020-D and CIV-10-1021-D, Ms. Thomas appealed to this Court the dismissal of the Adversary Proceeding which is also the subject of the instant appeal.

This Court dismissed each of Ms. Thomas's appeals of the Bankruptcy Court's orders. On August 18, 2010, the undersigned entered an Order in Case No. CIV-09-1386-D [Doc. No. 22] dismissing Ms. Thomas's appeal of the Bankruptcy Court's dismissal with prejudice of her Chapter 13 proceeding. Upon receipt of that Order, the Bankruptcy Court entered its September 20, 2010 Order closing the Bankruptcy case [Bkr. Doc. No. 84]. On that same date, the Bankruptcy Court

2

entered an Order [Bkr. Doc. No. 85] dismissing the Adversary Proceeding. Expressly referring to the undersigned's dismissal of the Chapter 13 appeal, the Bankruptcy Court stated:

> In light of Judge DeGiusti's Order, the Court has closed Debtor's main bankruptcy case. Accordingly, this adversary proceeding, pending as an associated case with Debtor's main bankruptcy case, is hereby dismissed pursuant to Loc. R. Bankr. P. 7041(d).

September 20, 2010 Bankruptcy Court Order Dismissing Adversary Proceeding [Doc. No. 85]. The Bankruptcy Court added a footnote, stating "[t]hough the Court previously dismissed this adversary proceeding on October 29, 2009, Debtor thereafter filed pleadings challenging the dismissal." *Id.*

On September 29, 2010, Ms. Thomas's appeal set forth in Case No. CIV-10-1020-D was dismissed by Order of this Court [Doc. No. 3]. On that same date, her appeal set forth in Case No. CIV-10-1021-D was also dismissed by Order of this Court [Doc. No. 4]. Those appeals were directed at the Bankruptcy Court's October 29, 2009 Order [Bkr. Doc. No. 44] dismissing without prejudice the same Adversary Proceeding which is the subject of Ms. Thomas's appeal in this case.

In the current appeal, Ms. Thomas also challenges the dismissal of the Adversary Proceeding. However, she characterizes her appeal as directed at the subsequent September 20, 2010 Bankruptcy Court Order [Bkr. Doc. No. 85].

Appellees initially challenge this appeal as subject to dismissal because it was not timely filed. As Appellees correctly note, Bankruptcy Rule 8001(a) provides that an appeal of a bankruptcy judge's order must be filed "within the time prescribed by Rule 8002." Bankruptcy Rule 8002(a) provides "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." In this case, Ms. Thomas filed her notice of appeal on October 5, 2010, which was 15 days after the entry of the Bankruptcy Court Order from which she appeals. Accordingly, the appeal is not timely.

Even if the appeal had been timely filed, however, Appellees are correct in their contention the Bankruptcy Court's September 29, 2010 Order [Bkr. Doc. No. 85] contained no substantive ruling which presents an issue for appeal. That order was not a decision on the merits of the adversary proceeding, but was an action taken because of the dismissal of Ms. Thomas's bankruptcy action. In dismissing the adversary proceeding, the Bankruptcy Court stated the dismissal was pursuant to Local Bankruptcy Rule 7041(d), which provides in pertinent part:

> Any adversary proceeding in which a final judgment has not been entered is deemed dismissed, without prejudice and without further order of the Court, upon dismissal of the case under which it pends, except as provided by an order of the Court.

Loc. R. Bankr. P. 7041(d). The Court agrees with Appellees that the Bankruptcy Court's September 20, 2010 dismissal of the adversary proceeding was a procedural ruling made pursuant to the Local Bankruptcy Court Rules. Furthermore, that Order expressly noted that the Bankruptcy Court had previously dismissed the Adversary Proceeding without prejudice. Order [Bkr. Doc. No. 85] n. 1.

Furthermore, Appellees are also correct in noting that the issues raised by Ms. Thomas in this appeal are the same as those raised by Ms. Thomas in her previous appeals in Case Nos. CIV-10-1020-D and CIV-10-1021-D. A review of her contentions in support of this appeal reflects that they are the same contentions asserted in her previous cases; she continues to assert those arguments in her appeals pending before the Tenth Circuit. Accordingly, the appeal set forth in this case raises no new issues which can be addressed by this Court.

For the foregoing reasons, the Court concludes that this appeal is untimely; even if it had been timely filed, however, the appeal raises issues identical to those in Ms. Thomas's previous cases which are currently on appeal to the Tenth Circuit. Accordingly, Ms. Thomas's current appeal

raises no substantive issues other than those presented in her prior appeal of the dismissal of the adversary proceeding.

For the foregoing reasons, this appeal is DISMISSED.[1] Because Ms. Thomas's prior appeals of the dismissal of the bankruptcy action and the adversary action remain pending before the Tenth Circuit Court of Appeals, this appeal is dismissed without prejudice, subject to the rulings of the Tenth Circuit on her prior appeals.

IT IS SO ORDERED this 3rd day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] As a result of this dismissal, Ms. Thomas's motion to proceed *in forma pauperis* [Doc. No. 3] is moot.